**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RAUL TAPIA RODRIGUEZ,<br><br>Petitioner,<br><br>v.<br><br>LEONARD ODDO; *et al.*,<br><br>Respondents. | ) | 3:26-CV-1928 |

**ORDER**

Petitioner Raul Tapia Rodriguez brings his second habeas corpus petition (ECF 1) before this Court seeking immediate release or, in the alternative, an individualized bond hearing where the government bears the burden of showing by clear and convincing evidence that his continued detention is warranted. ECF 1, at 35. Respondents do not contest that Mr. Rodriguez is entitled to such a bond hearing. *See* ECF 7, at 4. Having considered the factors laid out in *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203 (3d Cir. 2020), the Court concludes that his detention has become unreasonable. The Court will therefore conditionally grant Mr. Rodriguez's petition for habeas corpus and order Respondents to provide him with a bond hearing at which the government must show Mr. Rodriguez's continued detention is justified by clear and convincing evidence.

Mr. Rodriguez has been detained since February 2, 2026. *Id.* ¶ 5. His detention is governed by 8 U.S.C. § 1226(a), which entitles him to an individualized bond hearing before an immigration judge. Earlier this year, after finding that Mr. Rodriguez was detained under Section 1226(a), this Court ordered the government to provide Mr. Rodriguez with such a bond hearing, which he received on April 8, 2026.

ECF 11, *Rodriguez v. Bondi*, No. 3:26-cv-285 (W.D. Pa. May 18, 2026) (Ranjan, J.); ECF 12-3, No. 3:26-cv-285. At that hearing, Mr. Rodriguez had the burden of showing he was not a flight risk or danger to the community, and the immigration judge found he did not meet that burden. ECF 12-3, No. 3:26-cv-285.

On September 30, 2026, Mr. Rodriguez filed the instant habeas petition, arguing that it's the government's turn to bear the burden of proving his continued detention is still necessary. ECF 1. The Court addresses that argument below.

## I. The Court uses the *German Santos* test to assess whether a Section 1226(a) detainee is entitled to a burden-shifted bond hearing.

Courts in this District have determined that when a noncitizen's detention under Section 1226(a) becomes unreasonable, the government must justify continued detention with clear and convincing evidence. *See, e.g.*, *Fadel v. Warden, Moshannon Valley ICE Processing Ctr.*, No. 3:26-cv-625, 2026 WL 1649901 (W.D. Pa. June 8, 2026) (Haines, J.) (granting a burden-shifted bond hearing roughly six months after bond was denied at an initial bond hearing where petitioner bore the burden of persuasion); *Bah v. Oddo*, No. 3:26-cv-1393, 2026 WL 2561261, at *2 (W.D. Pa. Aug. 31, 2026) (Horan, J.) (collecting cases). To determine whether a Section 1226(a) detention has become unreasonable, those courts imported the framework of *German Santos v. Warden Pike County Correctional Facility* from the Section 1226(c) context. 965 F.3d 203 (3d Cir. 2020).

In a *German Santos* analysis, courts assess whether a detention has become unreasonable using four factors: (1) "the duration of detention"; (2) "whether the detention is likely to continue"; (3) the reasons for any delay, "such as a detainee's request for continuances"; and (4) whether the noncitizen's conditions of confinement are "meaningfully different" from criminal punishment. *Id.* at 210–11.

The first factor, duration of the detention, is the "most important" one. *Id.* at 211. While there is no "bright-line threshold" for when a detention becomes

unreasonably long, continued detention becomes "more and more suspect after five months." *Id.* (citation modified). In one case, the Third Circuit determined that detention became unreasonable at some point between six months and one year. *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 478 (3d Cir. 2015). So while there is no "fixed six-month rule," *Fadel*, 2026 WL 1649901, at *3, the longer a detention becomes after six months, the stronger this factor will weigh in a 1226(a) detainee's favor.

The second factor asks whether "removal proceedings are likely to end soon." *Id.* In *German Santos*, the Third Circuit found this factor "strongly" supported a finding of unreasonableness where the petitioner's appeal was pending before the BIA. 965 F.3d at 212 (noting that it "could take months" for the BIA to decide the petitioner's appeal, and that any subsequent appeal to the Third Circuit "would add months more").

The third factor looks to the reason for delay. While a detainee's request for continuances will cut against unreasonableness, delay caused by his pending appeal will not. *Id.* at 211 ("[W]e do not hold an alien's good-faith challenge to his removal against him, even if his appeals or applications for relief have drawn out the proceedings."). Likewise, good-faith legal errors will not be held against the government; but detention "can still grow unreasonable even if the Government handles the removal proceedings reasonably." *Id.*

Finally, the fourth factor asks whether the noncitizen's civil detention is "meaningfully different" from criminal punishment. *Id.* (citation modified). If the detention "looks penal," then the detention is more likely to be unreasonable. *Id.* In both *German Santos* and *Chavez-Alvarez*, the Court found this factor to weigh strongly in favor of unreasonableness where the detainees were housed alongside those serving criminal sentences. 965 F.3d at 212–13; 783 F.3d at 478.

## II. Applying the *German Santos* framework to Mr. Rodriguez.

The Court now applies these factors to Mr. Rodriguez.

The first factor cuts in Mr. Rodriguez's favor. Mr. Rodriguez has been detained for 9 months, which is long enough to be unreasonable in some circumstances. *See, e.g.*, *Fadel*, 2026 WL 1649901, at *3–4.

The second factor strongly supports a finding of unreasonableness. Mr. Rodriguez's appeal is still pending before the BIA, so it is probable that his detention is going to last longer. There is little doubt that his removal proceedings are "unlikely to end soon." 965 F.3d at 211.

The third and fourth factors are neutral here. There is no reason on the record to hold the delay against either Mr. Rodriguez or Respondents. And unlike the petitioners in *German Santos* and *Chavez-Alvarez*, Mr. Rodriguez is not housed with those serving criminal sentences. In the absence of a more developed factual record, the Court is not persuaded that the "significant restrictions on [Mr. Rodriguez's] liberties" listed in the petition, as alleged, are enough to significantly move the needle on the fourth factor. ECF 1, ¶ 58.

Taken together, the *German Santos* factors indicate that Mr. Rodriguez's detention has become unreasonable. His detention has lasted nine months, and "there is no end in sight." *German Santos*, 965 F.3d at 213. He is therefore entitled to another individualized determination of whether continued detention is necessary to mitigate flight risk or danger to the community. Unlike the first bond hearing, this time the government must bear the burden of proving by clear and convincing evidence that continued detention is necessary. *Id.*

## III. Conclusion.

For the foregoing reasons, Mr. Rodriguez's petition will be granted, subject to the conditions contained in an Order to follow.

DATED this 3rd day of November, 2026.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge